UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** | CRIMINAL NO. 5:20-145-KKC |
| V. | **OPINION AND ORDER** |
| ELIZABETH STORMBRINGER, **Defendant.** | |

\*\*\* \*\*\* \*\*\*

On December 3, 2020, a grand jury returned an indictment against Elizabeth Stormbringer, charging her with (1) making materially false, fictitious, and fraudulent statements and representations to FBI agents in violation of 18 U.S.C. § 1001(a)(2); (2) knowingly making two or more declarations while under oath at a grand jury proceeding on April 5, 2019, and later at a trial proceeding on February 20, 2020, in violation of 18 U.S.C. § 1623(c); and (3) making two or more declarations while under oath at the trial proceeding on February 20, 2020 – all of which were "material to the point in question and … inconsistent to the degree that one of them was necessarily false" in violation of 18 U.S.C. § 1623(c). (DE 1 at 3, 7). Stormbringer now moves the Court to dismiss the indictment. (DE 23). For the reasons below, the motion is **denied**.

A. **Background & Procedural History**

In the fall of 2018, the FBI grew suspicious of an ongoing bribery scheme originating from employees at a local construction firm, CRM, to Lexington city councilmen for approval on a bid. Subpoenaed bank records from CRM and its principals would eventually show that these employee-contributors were provided with reimbursement checks by the operational

manager of CRM, Timothy Wellman ("Wellman"), in the same amount and close in time to the individual campaign contributions. The FBI interviewed each contributor, one by one.

Defendant was interviewed by the FBI, on March 6, 2019, regarding her contribution. At the interview, Defendant claimed that the check she received from Wellman was payment for having cleaned houses and that the contribution was made on her own volition. She also stated that no one had coached her into contributing and that she had not been reimbursed for her payment. However, the FBI knew Defendant's story to be false; the FBI had interviewed several of the straw contributors prior to Defendant's interview — the majority of whom eventually recanted their stories regarding reimbursement and admitted that Wellman *had* coached the employees into creating false narratives to support their theories.

Defendant was afforded the opportunity to provide truthful testimony to the grand jury and thereby avoid being prosecuted for lying to the FBI. Defendant also had a similar recourse of immunity (or defense) if she testified truthfully at the Wellman trial. *See generally United States of America v. Timothy Wayne Wellman*, 5:19-CR-108-GFVT-MAS. Defendant's testimony in both proceedings did not go as expected, and these charges followed.

### i. Count 1

At the grand jury, on April 5, 2019, the Government offered Defendant informal transactional immunity for her false statements to the FBI if she told the truth at the grand jury and going forward. (DE 25 at 4, 10). Therefore, Defendant argues that count one should be dismissed because the Government breached its promise to forego prosecution for this crime if she testified truthfully at the grand jury. Defendant claims that she is entitled to immunity since the government secured a conviction against Wellman, and since she ultimately clarified details surrounding her contribution and provided incriminating information against him. (DE 23-1 at 2-3; DE 31 at 2-3).

"[I]nformal immunity," also known as "pocket immunity," "arises by way of assurances by prosecutors, either orally or by letter, to a potential grand jury witness that he will be immune from any prosecution based upon that testimony." *United States v. Turner*, 936 F.2d 221, 223 (6th Cir. 1991) (citing cases). "[C]ontractual remedies" and not automatic dismissal of an indictment "govern if a breach of a grant of informal immunity occurs." *United States v. Orlando*, 281 F.3d 586, 594 (6th Cir. 2002).

In this case, Defendant's argument for dismissal on count one plainly fails. Defendant breached her contract with the United States when she failed to provide consistent and truthful information to the grand jury and going forward in the prosecution of Wellman. It is immaterial that Defendant, eventually, provided some semblance of truth after consultation with her attorney, both at the grand jury and at trial.

Defendant also misinterprets the applicability of *Fitch* and the similarity of assistance rendered to the government in this case. *See United States v. Fitch*, 964 F.2d 571, 575 (6th Cir. 1992). In *Fitch*, in light of the substantial assistance that Fitch provided the government, the court concluded that "the government received the benefit of its bargain" and that the immunity agreement is therefore entitled to enforcement. *See id.* at 575. In this case, Defendant seems to argue that, because the government secured a multi-count indictment against Wellman, and because her deceptions did not derail the government's case, she is therefore entitled to immunity; however, Defendant is incorrect that this makes her deceptions immaterial. Unlike the instant case, the government in *Fitch* was able to use the information provided by the defendant to further the investigation and to bolster its case. Defendant's assistance in this case was little, if at all.

The Court denies Defendant's request to dismiss count one.

### ii. Count 2

Next, Defendant argues that she cannot be prosecuted for perjury based on either her grand jury testimony or her trial testimony because she ultimately recanted and told the truth, citing the recantation defense codified in 18 U.S.C. § 1623(d). The United States argues that this argument fails because Defendant did not recant by "unequivocally admit[ting] that she had lied"; nor (2) did she tell the truth ("the truth was already manifest when she tried to recant."). (DE 25 at 11).

As to this issue, the Court similarly does not find that dismissal of count two is warranted. By the time Defendant recanted — *if* she truly recanted at all — her perjury was more than manifest; it was charged. At trial, the instant Defendant perjured herself, the timeframe for any Section 1623(d) recantation had long since passed. In other words, Defendant could not begin her testimony with a false narrative, and choose later to tell the alternative and allegedly truthful narrative. It was too late to recant. *See United States v. Moore*, 613 F.2d 1029, 1043 (D.C. Cir. 1979) ("We conclude that Congress did not countenance in Section 1623(d) the flagrant injustice that would result if a witness is permitted to lie to a judicial tribunal and then, upon only learning that he had been discovered, grudgingly to recant in order to bar prosecution."); *United States v. Baldwin*, 506 F. Supp. 300, 301 (D. Tenn. 1980) ("To argue that the alleged perjury has not become manifest even after the defendant has been indicted for perjury is untenable. By the time one is indicted for perjury, he has lost the ability to recant.").

### iii. Count 3

Finally, Defendant argues that the third count must be dismissed because the subject matter of the alleged perjurious testimony was not material to the issues on trial and "not of legal consequence to … [Wellman's] defense" (DE 23-1 at 9). The United States argues that

materiality is not an issue for the Court, but instead "an issue for the jury with legal instructions from the Court." (DE 25 at 15) (citing *United States v. Gaudin*, 515 U.S. 506 (1995)). In reply (*see* DE 31 at 6-7), Defendant appears to explain what the evidence in this case already shows (or will show), as well as confidently maintains her innocence, which is prohibited under the Federal Rules of Criminal Procedure.

FED. R. CRIM. P. 12(b)(1) limits the Court to resolve motions to those the Court can determine without a trial on the merits. "A motion to dismiss should be denied if it requires a pretrial test of the government's evidence." *United States v. Jones*, No. 1:05-132, 2006 WL 399234, at *1 (E.D. Tenn. Feb. 16, 2006). Therefore, for these reasons, the Court declines to dismiss count three.

### B. Conclusion

The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Rule 29. *See* FED. R. CRIM. P. 29(a) (The defendant may move for "judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."). Here, upon review of Defendant's arguments for dismissal of the indictment, the Court finds that any existing factual contentions should be raised at trial, either on a motion for a judgment of acquittal or in argument to the jury. They are not appropriate for the Court to consider in this motion; nor are they ripe for resolution.

Accordingly, the Court hereby ORDERS that Defendant's motion to dismiss the indictment (DE 23) is DENIED.

Entered: April 19, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY